## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LIAL W. RICE,
      Plaintiff,

  vs.

WARDEN, PICKAWAY CORRECTIONAL
INSTITUTION, et al.,
      Defendants.

Case No. 1:15-cv-172

Dlott, J.
Litkovitz, M.J.

**REPORT AND**
**RECOMMENDATION**

Plaintiff, a resident of Greenville, Ohio and former inmate at the Pickaway Correctional

Institution, brings this action pro se pursuant to 42 U.S.C. § 1983 alleging a violation of his

constitutional rights. By separate Order issued this date, plaintiff has been granted leave to

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a

sua sponte review of the complaint to determine whether the complaint, or any portion of it,

should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may

be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28

U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v.*

*Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To

prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma*

*pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28

U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot

make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. at

328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no

arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation

of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no

arguable factual basis when the allegations are delusional or rise to the level of the irrational or

"wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a

claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's complaint

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all

well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). While a complaint need not contain "detailed factual allegations," it must provide "more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678

(citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a

complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at

557.

Plaintiff, who is proceeding pro se, brings this action against the Warden of the Pickaway

Correctional Institution, the Butler County Juvenile Division, and Butler County Child Support

Enforcement Agency. (Doc. 1, Complaint). The complaint is difficult to decipher, but it

appears plaintiff seeks to challenge child support determinations made against him in Butler

2

County, Ohio. For relief, plaintiff requests the federal court to order defendants to "cancel" all cases against him, to order that he no longer is required to pay child support, and for monetary damages. (*Id.* at 3).

Plaintiff fails to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction on the basis of diversity of citizenship. With regard to diversity jurisdiction, a district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). For a federal court to have diversity jurisdiction pursuant to section 1332(a), the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967)). In other words, for complete diversity to exist the plaintiff must be a citizen of a different state than each of the defendants. *Caterpillar*, 519 U.S. at 68; *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967). In the absence of complete diversity, the Court lacks subject matter jurisdiction. *Caterpillar*, 519 U.S. at 68.

There is not complete diversity of citizenship in this case. The complaint indicates that plaintiff and defendants are Ohio citizens. Accordingly, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

With regard to the Court's federal question jurisdiction under 28 U.S.C. § 1331, the complaint must be dismissed for failure to state a claim upon which relief may be granted. To the extent that plaintiff is attempting to have this federal court review his state court proceedings, this federal court does not sit as a state appellate court and lacks federal jurisdiction to review the state-court decision plaintiff is attempting to challenge in this lawsuit. *See District of Columbia*

3

*Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine applies where, as here, a case is brought by the loser in state court complaining of injuries caused by a state-court judgment rendered before the district court proceedings commenced and inviting the district court to review and reject that judgment. *Exxon Mobile Corporation v. Saudia Basic Inds. Corp.*, 544 U.S. 280, 284 (2005). The crucial question is whether the "source of injury" upon which the federal plaintiff bases his federal claim is a state court judgment. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008). "'If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction.'" *Id.* (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)). In this case, plaintiff requests that the Court review his state court proceedings and seeks relief from the adverse decision resulting in his child support obligation. Accordingly, such claims are barred by the *Rooker-Feldman* doctrine.

Plaintiff has filed additional documents in this action (Docs. 2, 3), which do not alter the undersigned's recommendation that this action be dismissed for failure to state a claim upon which relief may be granted. The documents otherwise appear to be related to plaintiff's pending habeas corpus action or to raise new factual allegations against individuals not named as defendants in this lawsuit.[1] Plaintiff is directed to file documents related to his habeas corpus action in that case. To the extent that plaintiff wishes to raise new claims against individuals unrelated to this action, he must file a separate lawsuit against these individuals.

---

[1] Plaintiff has a habeas corpus petition pending in *Rice v. Warden*, No. 1:14-cv-732 (SJD; KLL). In his most recent filing in the instant case, plaintiff states that he is "refil[]ing Case No. 1:14-cv-732" and appears to raise several new claims unrelated to his initial complaint. (*See* Doc. 3 at PageID 1-2).

4

## IT IS THEREFORE RECOMMENDED THAT:

1.     Plaintiff's complaint be **DISMISSED** on the ground that the complaint fails to state a

claim upon which relief may be granted under 42 U.S.C. § 1983.   *See* 28 U.S.C. § 1915(e)(2)(B).

2.     The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of

any Order adopting this Report and Recommendation would not be taken in good faith and

therefore deny plaintiff leave to appeal *in forma pauperis*.   Plaintiff remains free to apply to

proceed *in forma pauperis* in the Court of Appeals.   *See Callihan v. Schneider*, 178 F.3d 800, 803

(6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir.

1997).

Date: 4/10/15

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LIAL W. RICE,                                        Case No. 1:15-cv-172
        Plaintiff,

                                                     Dlott, J.
        vs.                                          Litkovitz, M.J.

WARDEN, PICKAWAY CORRECTIONAL
INSTITUTION, et al.,
        Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections

to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served

with a copy thereof.   That period may be extended further by the Court on timely motion by

either side for an extension of time.   All objections shall specify the portion(s) of the R&R

objected to, and shall be accompanied by a memorandum of law in support of the objections.   A

party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served

with a copy of those objections.   Failure to make objections in accordance with this procedure

may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,*

638 F.2d 947 (6th Cir. 1981).